IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE MILLS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-1497-K-BN |
| | § | |
| JOE TOVAR, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeremy Wayne Mills filed this action for federal habeas relief under 28 U.S.C. § 2254. *See* Dkt. No. 3. The case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

On July 8, 2025, Mills filed a document seeking to voluntarily dismiss his claims in order to pursue the claims in state court first. *See* Dkt. No. 12. The document was construed as a notice of voluntary dismissal under Rule 41a, and the case was closed. Petitioner Mills has now filed two motions seeking to reopen his case, both of which were filed more than 28 days after the case was closed. *See* Dkt. Nos. 13, 14.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should construe the motions to reopen as motions for relief from a final judgment under Rule 60(b) and deny the motions.

The Supreme Court recently held that "a voluntary dismissal without prejudice is 'final' under Rule 60(b)." *Waetzig v. Halliburton Energy Servs., Inc.*, 604

U.S. 305, 312 (2025). So a plaintiff can seek relief from a voluntary dismissal and reopen a case "[w]hen the requirements of Rule 60(b) are satisfied." *Id.* at 319.

The undersigned assumes that this holding would also apply to a petitioner in a habeas proceeding because the Federal Rules of Civil Procedure generally apply to Section 2254 proceedings to the extent they are not inconsistent with statutes and rules specific to Section 2254. *See* RULES GOVERNING SECTION 2254 CASES RULE 12. And as the habeas petition was voluntarily dismissed, the motion does not "attack[] the federal court's previous resolution of a claim on the merits" or otherwise present a new claim that would qualify as a second or successive habeas application. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

But, Mills has not shown that he is entitled to relief under Rule 60(b) as required for him to reopen this case rather than to refile a new habeas action. Rule 60(b)'s purpose "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

So "[t]he extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial

process that is predictable mandates caution in reopening judgments." (cleaned up)).

Mills has not attempted to plead any of the grounds for relief set out in Rule 60(b). So he has not met his burden to show entitlement to the extraordinary relief he seeks.

Therefore, Mills's construed motions under Rule 60(b) should be denied.

### Recommendation

The Court should deny Petitioner Jeremy Wayne Mills's construed motions for relief from judgment under Federal Rule of Civil Procedure 60(b) [Dkt. Nos. 13, 14], but should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 22, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE